IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YOPIMA, LLC,<br>**Plaintiff,** | **Civil Action No. 4:26-cv-02487** |
| **v.** | |
| **ROADIE, INC.,**<br>**Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**Plaintiff,** Yopima, LLC, files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of US Patent No. 9,119,038 ("the '038 patent") (or the "Patent-in-Suit") by **Defendant,** Roadie, Inc., ("Roadie" or "Defendant").

### I.    THE PARTIES

1.    Plaintiff is a Delaware limited liability company with its principal place of business located in Atlanta, Georgia.

2.    On information and belief, Defendant is a Delaware corporation with a principal place of business in Georgia and a regular and established place of business at the address of **1212 Dixie Farm Rd, Houston, Texas 77089**, a warehouse. Defendant may be served via its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, at its place of business, or anywhere else they may be found.

### II.    JURISDICTION AND VENUE

3.    This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused

Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

4.     This United States District Court for the Southern District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the district giving rise to this action and is present in and transacts and conducts business in and with residents of this district and the State of Texas.

5.     Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this district and the State of Texas.

6.     Defendant has committed acts infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this district and elsewhere in the State of Texas, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this district and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this district and the State of Texas.

7.     This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this district, including by providing infringing products and services to the residents of Texas that Defendant knew would be used within this district, and by soliciting business from the residents of Texas.

8.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

2

9.      Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this district. In addition, and without limitation, Defendant has regular and established places of business throughout this District.

## III.    INFRINGEMENT OF THE '038 PATENT

10.      On August 25, 2015, the '038 patent, (Exhibit A) entitled "Systems and methods for Comparative Geofencing" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '038 patent by assignment.

11.      Support for the allegations of infringement may be found in the appended table included as Exhibit B.  These allegations of infringement are preliminary and are therefore subject to change.

12.      Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and related products and services such as to cause infringement of one or more of claims 1-20 of the '038 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '038 patent and the technology underlying it from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

13.     Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., instructing customers and others on the use of systems and methods for geofencing) such as to cause infringement of one or more of claims 1-20 of the '038 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '038 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint. The only reasonable uses of the products and services are infringing uses and there is no evidence to the contrary. The product and service are not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use.

14.     Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '038 patent.

## IV.     CONDITIONS PRECEDENT

15.     Plaintiff has never sold a product. Based on information and belief, Plaintiff's predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.  Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

16.     Plaintiff and its predecessors-in-interest have granted settlement licenses to several defendant entities, but none of the settlement licenses were to produce a patented article, for or

---

[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading, but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with §287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the patent-in-suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

17.     To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the patent-in-suit, and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which §287(a) would apply. Further, Defendant has failed to allege any defendant entity produced a patented article.

18.     The policy of §287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus do not require marking.  All settlement licenses were to end litigation and thus the policies of §287 are not violated.  Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

19.     For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license

where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

20.     Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing.  Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

21.     For any prior settlement, the settling defendant was not licensed to make and sell infringing products in the future, thus the marking statute imposes no obligation on Yopima to make an effort to require a prior settling defendant to mark the products Yopima had accused of infringing its patents.

## V.     JURY DEMAND

22.     Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the patent-in-suit;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

6

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g.  award Plaintiff such other and further relief as this Court deems just and proper.


DATED: March 27, 2026                      Respectfully submitted,


                                           */s/ William P. Ramey, III*
                                           William P. Ramey, III
                                           Texas Bar No. 24027643

wramey@rameyfirm.com
446 Heights Blvd., Suite 200
Houston, Texas 77007
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for Yopima, LLC*